[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this medical malpractice action previously moved for an order of compliance to compel the defendant to provide responses to certain interrogatories and production requests. The defendant objected to the plaintiff's discovery requests claiming that the documents sought were privileged pursuant to General Statutes § 19a-17b, the peer review statute. On March 28, 2001, the court, Radcliffe, J., ordered the defendant to create and produce a log identifying each document covered by the plaintiff's request for production and stating the legal and factual basis for its claim of privilege. The court further stated that it would review the documents submitted by the defendant to determine whether any privilege prevented their disclosure.
On September 7, 2001, the defendant submitted a privilege log as ordered by Judge Radcliffe and filed under seal the documents identified by the log with the court. On November 29, 2001, the court held a hearing on the defendant's claim that the documents were privileged pursuant to General Statutes § 19a-17b.
General Statutes § 19a-17b creates a statutory privilege for the nondisclosure to a claimant in a medical malpractice action of the records of a medical review committee conducting a peer review. SeeBabcock v. Bridgeport Hospital, 251 Conn. 790 (1999). In Babcock, the Connecticut Supreme Court defined the precise scope of the peer review privilege provided by § 19a-17b. The court determined that the privilege encompasses the substantive discussions and conclusions of a medical review committee engaged in peer review and extends to those documents created principally for the purpose of peer review. Id., 823-24. The privilege does not embrace documents or information generated independently of the peer review process. Id., 822. See also General CT Page 16039 Statutes § 19a-17b(d)(1) and (2).
The parties here agree that each of the documents identified by the defendant in its log sheet was utilized by a medical review committee conducting a peer review as defined in § 19a-17b. The plaintiff asserts that she is not seeking any opinions or conclusions or analysis of data, all of which she concedes is statutorily privileged. The plaintiff claims that her discovery request simply asks for data gathered by the defendant during 1995 and 1996 which she contends is not statutorily protected. The defendant argues that all the information in the documents submitted is privileged because it was entirely created by a medical review committee during the performance of a peer review. After conducting an in camera review of the documents submitted under seal by the defendant, the court agrees with the defendant.
Three separate documents are in dispute[1]: (1) Hospital Pressure Ulcer Project by the Connecticut Peer Review Organization, Inc. (2) Quality Improvement Story Board by the Quality Improvement Committee and (3) Quality of Care Report by the Quality Management Committee. Each of these documents was created by a medical review committee engaged in the process of peer review. The data contained in the documents was collected principally for the purpose of peer review and was not compiled independent of the peer review process. The documents and the data they contain are therefore privileged pursuant to General Statutes §19a-17b.
BY THE COURT
Judge Jon M. Alander